UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

ERKAL ULUSLARARASI NAKLIYAT
ve TIC. A.S. d/b/a TUZLA SHIPYARD,

    Plaintiff,

v.                                                      CASE NO. 3:17-cv-840-J-32JBT

TRANSATLANTIC LINES, LLC, *in personam*, and the M/V "GEYSIR",
a 90 meter cargo ship flagged in USA,
IMO #7710733, her engines, equipment,
tackle, gear, apparel, etc., *in rem*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff Erkal Uluslararasi Nakliyat ve Tic. A.S. d/b/a Tuzla Shipyard's ("Plaintiff") Motion for Final Default Judgment Against the Defendant, Transatlantic Lines, LLC ("Defendant"), *in personam* ("Motion for Default Judgment") (Doc. 162), and Plaintiff's Motion requesting dismissal of Plaintiff's *in*

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

*rem* claim and Defendant's counterclaim ("Motion to Dismiss") (Doc. 158).[2]

## I.     Summary of Recommendation

Following the arrest and subsequent sale of the M/V "Geysir," all claims brought by the Intervening Plaintiffs were voluntarily dismissed.  (Docs. 141, 142, 165, 169, 170, 171.)  Therefore, only the following three claims remain pending: Plaintiff's *in rem* claim against the M/V "Geysir" to foreclose a maritime lien ("Count I") and Plaintiff's *in personam* breach of contract claim against Defendant ("Count II") in the First Amended Verified Complaint to Foreclose Maritime Lien, for Breach of Contract and, in the Alternative, for Rule B Attachment  ("Amended Complaint") (Doc. 15); and Defendant's counterclaim against Plaintiff for breach of a maritime contract ("Counterclaim") in Defendant's Verified Answer to First Amended Complaint, Statement of Right or Interest to the Vessel and Counterclaim ("Answer and Counterclaim") (Doc. 16).[3]

In the Motion for Default Judgment, Plaintiff requests entry of a default judgment against Defendant in the total amount of $314,300 based on Count II.

---

[2] The requests for dismissal were made in Plaintiff's Motion for Default Against Defendant, *in personam*. (*See* Doc. 158.)  The request for entry of default was granted, and the requests for dismissal of the subject claims remain under advisement. (Doc. 159.)  Because only the requests for dismissal remain pending, the undersigned refers to the remainder of Document 158 as the Motion to Dismiss.

[3] Although Plaintiff's Amended Complaint contains a third count, that count, which is pled in the alternative, requests only attachment of the vessel as security pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  (Doc. 15 at 8.)  It does not set forth a separate cause of action.  (*Id.*)

(Doc. 162.) In the Motion to Dismiss, Plaintiff requests that Count I of the Amended Complaint, and Defendant's Counterclaim, be dismissed. (Doc. 158.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion for Default Judgment and the Motion to Dismiss be **GRANTED**, that final judgment be entered in favor of Plaintiff and against Defendant in the total amount of $314,300, and that Count I of the Amended Complaint, and Defendant's Counterclaim, be **DISMISSED**.

## II.   Motion for Default Judgment

### A.   Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id.* A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 664, 678. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### B.  Analysis

In Count II of the Amended Complaint, Plaintiff alleges an *in personam* breach of contract claim against Defendant. Although Defendant initially filed its Answer and Counterclaim, a default was later entered against Defendant because Defendant failed to comply with Court orders, defend this action, or prosecute the Counterclaim after its counsel withdrew.[4]  (Docs. 159 & 161.)  Plaintiff now seeks a default

---

[4] After its counsel withdrew, Defendant was provided with two opportunities to obtain new counsel or file a notice stating how it intended to proceed. (Docs. 134 & 159.)
(continued...)

judgment based on Count II of the Amended Complaint.

Upon review of the Amended Complaint, the Motion for Default Judgment, and other relevant filings, the undersigned recommends that default judgment be entered against Defendant as to Count II.  The Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.  Additionally, Plaintiff has obtained a default against Defendant, *in personam*.  (Doc. 161.)

The contract at issue contains the following choice of law provision:

> APPLICABLE LAW:
>
> The parties agree that *except for such disputes as otherwise provided in this Contract*, any and all disputes, claims or suits, shall be subject to the jurisdiction of London, England and the parties further agree to accept service of process in such suit.  English law to apply.
>
> It is understood and agreed that this tender, the acceptance, execution, validity and *performance*, is to be governed and interpreted under the law of the State of New York.

(Doc. 15-3 at 10) (emphasis added).  The undersigned recommends that, because Plaintiff's breach of contract claim is based on the performance of the contract, and because this action was brought in the United States rather than in England, New

---

[4](...continued)
Defendant was cautioned that failure to do so would likely result in entry of default(s), and a default judgment, against it.  (*Id.*)  Defendant has taken no action of record since its counsel withdrew on January 10, 2018.  (Doc. 134.)

York law applies.[5]

"In order to state a claim for breach of contract under New York law, a plaintiff must allege sufficient facts demonstrating (1) the existence of a contract, (2) performance of the contract, (3) the defendant's breach of the contract, and (4) damages resulting from the defendant's breach." *MidAmerica C2L, Inc. v. Siemens Energy, Inc.*, Case No. 6:17-cv-171-Orl-40KRS, 2017 WL 1322327, at *2 (M.D. Fla. Apr. 7, 2017). According to the Amended Complaint, Plaintiff and Defendant entered into a contract, which is attached as Exhibit B to the Amended Complaint, wherein Plaintiff agreed to perform services and repairs to the M/V "Geysir" in exchange for payment from Defendant. (Doc. 15 at 4–5, Doc. 15-3.) Plaintiff alleges that it performed the required services and repairs, but that Defendant failed to pay the full amount owed under the contract. (Doc. 15 at 4–5.) Plaintiff alleges that it has been damaged in the amount of $314,300, which is the unpaid principal balance due. (*Id.*) Thus, the undersigned recommends that Plaintiff has stated a breach of contract claim against Defendant in Count II.

Further, the undersigned recommends that an evidentiary hearing on the issue

---

[5] "[A] choice of law provision in a maritime insurance contract will be upheld in the absence of evidence that its enforcement would be unreasonable or unjust." *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F. Supp. 2d 1244, 1251 (S.D. Fla. 2010) (quotations omitted). Although the parties initially disputed whether New York or English maritime law applied to Plaintiff's *in rem* claim (Docs. 12 & 31), it appears that contract law, which controls Count II, is similar under New York and English law. *See Society of Lloyd's v. Siemon-Netto*, 457 F.3d 94, 100 (D.C. Cir. 2006) ("American contract law in general . . . is historically derived from (and similar to) the English common law of contract.").

of damages is not necessary because Plaintiff requests a liquidated sum.  *See Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. of Fla.*, 150 F. App'x 988, 989 (11th Cir. 2005) ("A default judgment may only be entered without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation.").[6] Plaintiff has submitted a sworn declaration from its marketing engineer stating that the unpaid principal amount owed by Defendant is $314,300. (Doc. 162-1.) Plaintiff has also attached invoices substantiating this amount. (Doc. 162-2.) Therefore, the undersigned recommends that Plaintiff is entitled to damages in the amount of $314,300.[7]

### III.   Motion to Dismiss

As noted above, although Defendant initially answered Plaintiff's Amended Complaint and asserted the Counterclaim, it failed to comply with Court orders, defend this action, or prosecute the Counterclaim after its counsel withdrew. (*See* Doc. 159.)  Therefore, Plaintiff moved for entry of default against Defendant. (Doc. 158.)  In the same motion (referred to herein as the Motion to Dismiss), Plaintiff also requested that Count I of the Amended Complaint be voluntarily dismissed, and that Defendant's Counterclaim against Plaintiff be dismissed. (*Id.*)

---

[6] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point.

[7] Although Plaintiff requests pre-judgment interest, costs, and attorney's fees in the Amended Complaint, it does not request these in the Motion for Default Judgment. (Doc. 15 at 6, Doc. 162.)  Therefore, the undersigned recommends that these not be awarded.

The Motion to Dismiss was granted to the extent that a default was entered in favor of Plaintiff and against Defendant, *in personam*. (Doc. 159.) The remainder of the Motion to Dismiss was taken under advisement, and Defendant was provided an opportunity to file a notice on or before April 13, 2018 if it did not wish to abandon the Counterclaim. (*Id.* at 3.) The Order stated in part: "If no notice is filed, Defendant's counterclaim against [Plaintiff] will likely be dismissed . . . ." (*Id.*) To date, no notice has been filed, and Defendant has taken no action to prosecute its Counterclaim since its counsel withdrew on January 10, 2018. (Doc. 134.) Therefore, the undersigned recommends that Defendant's Counterclaim be dismissed for failure to prosecute. Additionally, the undersigned recommends that Count I of the Amended Complaint be dismissed, at Plaintiff's request, pursuant to Federal Rule of Civil Procedure 41(a)(2).[8]

### IV.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion for Default Judgment (**Doc. 162**) and the Motion to Dismiss (**Doc. 158**) be **GRANTED**.

2.  The Clerk of Court be directed to enter judgment in favor of Plaintiff Erkal Uluslararasi Nakliyat ve Tic. A.S. d/b/a Tuzla Shipyard, c/o Michael C. Black, P.A., 7700 North Kendall Drive, Suite 505, Miami, Florida 33156, and against

---

[8] In support of this request, Plaintiff states that it did not arrest the M/V "Geysir" pursuant to Supplemental Rule C. (Doc. 158 at 2 n.2.)

Defendant, Transatlantic Lines, LLC, 6 Lincoln Avenue, Greenwich, Connecticut 06830, in the total amount of $314,300.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

      3.    Count I of the Amended Complaint (**Doc. 15**) and Defendant's Counterclaim against Plaintiff in the Answer and Counterclaim (**Doc. 16**) be **DISMISSED**.

      4.    The Clerk of Court be further directed to terminate any pending motions and close the file.

      **DONE AND ENTERED** at Jacksonville, Florida, on August 13, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Gudmundur Kjaernested
Vice President
TransAtlantic Lines LLC
6 Lincoln Avenue
Greenwich, Connecticut 06830
Gudmundur@transatlanticlines.com